Kent, Ch. J.
This suit is brought by the party aggrieved, for an offence alleged to have been committed against the act to redress disorders by common informers, That statute gives a penalty of 100 dollars, to the party aggrieved, against the plaintiff in a popular action, who shall, without the order or consent of the court, compound or agree with the offender for the offence alleged to be committed.
The offence, then, consists in compounding with the offender for the offence charged; and when the subsequent section of the act declares it to be penal for the prosecutor to make any composition, or take any money, reward, or promise thereof, for himself or to the use of any other, it must still all refer to the composition prohibited by the statute, and defined in the preceding section, and which is a composition for the offence. The money or reward must be taken upon colour or pretence of the offence. The meaning of the word composition in the statute, must be the adjustment of the demand, by a payment of part in satisfaction of the whole. To compound a debt is to abate a part, on receiving the residue. To abandon the whole, cannot, in any grammatical or common use of the word, be said, or considered to be a composition with the debtor It is in this sense that Mr. JBlachstone understood the word, (4 Com. 136.) when he spoke of the offence of compounding of informations upon penal statutes, as being of an equivalent nature with champerty, which is a corrupt agreement to divide the profits of a law suit. The voluntary discontinuance of a popular action is no offence. *409 it on]y subjects the party to the payment of costs. It is 110 bar to another action of the same offence, and, consc-quently, it has no reference whatever to the offence of compounding with the offender for the offence charged.* The proof in the present cáse, in support of the action, was, that the defendant discontinued the popular action, on payment of costs, without leave of the court, and the , , r. . , question is, whether the payment or the costs be a compo-silion for the offence, or money or reward under colour of the offence1? In my apprehension, it has no connexion with the offence. The offence was left totally uncompounded, and exposed to a fresh prosecution. The present transaction showed nothing corrupt on the part ofthe present defendant; and, in fact, it was an arraignment between the attorneys on each side, without any intent in the defendant to do any thing against the statute. To exact the penalty on such a transaction would be highly unjust and oppressive. Whether the agreement to pay the costs was or was not valid, since the statute says that the plaintiff'in a popular action shall not discontinue without paying costs, is another question, not arising in the present case. It is sufficient to say, that the agreement to pay the costs upon a discontinuance, was not a composition for the offence, and so notan act for which the present penalty can be demanded.(a) I am, therefore, of opinion, that a judgment of nonsuit must be entered.
Spencer J. and Van Ness, J. concurred.
Thompson J. not having heard the argument, gave no opinion.
Judgment of nonsuit».

 5SZJLnonsuU in a popular action is no bar toancui suitby the °

 It is in the discretion of the court under the statute to allow an informer or plaintiff in a popular action or a penal statute to compound upon such terms as they think fit; and it is a general rule, in the exercise of this discretion to require as one ofthe terms of granting leave to compound, the moiety of the penalty given to the people to be paid, unless under special circumstances, when leave to discontinue on payment of the costs only will be granted. Bradway, q. t. Le Worthy, 9 John. Rep. 251